Erich P. Wise/State Bar No. 63219
erichw@fdw-law.com
Nicholas S. Politis/State Bar No. 92978
nicholasp@fdw-law.com
Zachary J. Politis/State Bar No. 306310
zackp@fdw-law.com
FLYNN, DELICH & WISE LLP
One World Trade Center, Suite 1800
Long Beach, CA 90831
Telephone:  (562) 435-2626
Facsimile:   (562) 437-7555

Attorneys for Plaintiff
TMF TRUSTEE LIMITED

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| TMF TRUSTEE LIMITED,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>M/T MEGACORE PHILOMENA, her engines, boilers, tackles, and other appurtenances, etc., *in rem*; HURRICANE NAVIGATION INC., a Marshall Islands Corporation, *in personam*,<br><br>　　　　Defendants. | **CASE NO.:** 2:17-CV-9010<br><br>IN ADMIRALTY<br><br>**VERIFIED COMPLAINT *IN REM* AND *IN PERSONAM*** |

//

//

Plaintiff TMF Trustee Limited (hereinafter "Mortgagee," "TMF" or "Plaintiff"), by this Verified Complaint against Defendants M/T MEGACORE PHILOMENA, her engines, boilers, tackles, and other appurtenances etc., *in rem* (hereinafter "M/T MEGACORE PHILOMENA" or "the Vessel"), and Hurricane Navigation Inc., alleges and pleads as follows:

## I. JURISDICTION AND VENUE

1. This is an action under the Commercial Instruments and Maritime Lien Act, 46 U.S.C. §§ 31306(B), 31325 and 31326 and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure to enforce a preferred mortgage lien against the M/T MEGACORE PHILOMENA and to recover amounts due and owing to Plaintiff under Loan Agreements secured by the preferred mortgage as more fully described herein. It is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within this Court's admiralty jurisdiction under 28 U.S.C. § 1333.

2. The *in rem* claim asserted by this Complaint against the M/T MEGACORE PHILOMENA is within the jurisdiction of this Court because that vessel is or will during the pendency of this action be present within the Central District of California and subject to arrest within the District to enforce Plaintiff's preferred maritime lien in accordance with the provisions of 46 U.S.C. §§ 31325

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
ONE WORLD TRADE CENTER, SUITE 1800
LONG BEACH, CALIFORNIA 90831-1800
(562) 435-2626

1

VERIFIED COMPLAINT *IN REM* AND *IN PERSONAM*  CASE NO. 2:17-CV-9010

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
ONE WORLD TRADE CENTER, SUITE 1800
LONG BEACH, CALIFORNIA 90831-1800
(562) 435-2626

and 31326 and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, as set forth in Section III, below. Venue is proper because the vessel is in this district and the Loan Agreements and mortgage to which Defendant Hurricane Navigation Inc. is a party provide for suit "at whatever place the Ship shall be found lying."

## II. THE PARTIES

3. Plaintiff TMF Trustee Limited is a corporation organized and existing under the laws of the United Kingdom with its place of business in London. It is the Security Trustee who holds the mortgage over the M/T MEGACORE PHILOMENA on Trust for the benefit of the parties whose interests are secured by the mortgage, i.e., the Lenders (as defined below), the Agent (TMF Global Services (UK) Limited), and Plaintiff.

4. Defendant M/T MEGACORE PHILOMENA is a 42,298 gross ton tank vessel registered and documented under the laws and flag of the Republic of the Marshall Islands, Official No. 4071, and IMO number 9456915. It is now, or will be during the pendency of this action, within the Central District of California and subject to the jurisdiction of this Honorable Court.

5. Defendant Hurricane Navigation Inc. is a corporation organized under the laws of the Republic of the Marshall Islands, with its registered office in Majuro, Marshall Islands. It is the registered owner of the M/T MEGACORE

PHILOMENA and is a Borrower under the Loan Agreement that is the subject of the preferred mortgage that is the subject of this action.

### III. CLAIM FOR RELIEF

6. On or about June 29, 2009, the Bank of Scotland plc, as Lender, and Hurricane Navigation Inc. and Fire Navigation Inc., as joint and several Borrowers, entered into a loan agreement dated June 29, 2009 for the finance acquisition of two product tankers. This agreement was supplemented with a side letter dated February 25, 2010 and supplemental agreements dated March 26 and October 21, 2010 (collectively, the "Loan Agreement"). On February 25, 2010, these same parties had entered into a separate master agreement and Schedule (the "Master Agreement") by which it was agreed that the Bank of Scotland plc could enter into designated transactions with the Borrowers to hedge the Borrowers' exposure under the Loan Agreement to interest rate fluctuations. The Master Agreement was terminated on 22 February 2016 and is no longer the subject of the Mortgage.

7. A First Preferred Marshall Islands Mortgage over the M/T MEGACORE PHILOMENA, dated October 21, 2010, (the "Original Mortgage") was granted by Hurricane Navigation Inc. to Bank of Scotland plc in the total amount of (i) US$69,020,047 in respect of the amount of Loan Agreement and (ii) US$10,700,000 in respect of the separate Master Agreement, together with interest, fees, commissions and performance of mortgage covenants. This

Mortgage was entered into and executed under the laws of the Republic of the Marshall Islands.

8. On October 21, 2010 at 08:31 A.M. Eastern European Standard Time ("E.E.S.T."), the Original Mortgage and related documents were recorded and registered in Book PM 21 at Page 810 at the Maritime Office of the Republic of the Marshall Islands at Piraeus, Greece, in accordance with the laws of the Republic of the Marshall Islands. *(True and Correct copies of the First Preferred Marshall Islands Mortgage dated 21 October 2010 and related documents are attached hereto as "Exhibit 1")*. Upon recordation of the Original Mortgage at the Maritime Office in Piraeus, the Original Mortgage was registered under the laws of the Republic of the Marshall Islands at the central United States Office of the Maritime Administration of the Marshall Islands in the United States.

9. The Bank of Scotland plc, Hurricane Navigation Inc., and Fire Navigation Inc. amended the Loan Agreement by a side letter dated February 25, 2010, a supplemental agreement dated March 26, 2010, a second supplemental agreement dated October 21, 2010, an amendment and consent letter dated January 24, 2011, and an amendment and restating agreement dated July 9, 2013.

10. By an Addendum to First Preferred Mortgage over the M/T MEGACORE PHILOMENA dated July 9, 2013, the Bank of Scotland plc and Hurricane Navigation Inc., amended the mortgage covenants and reduced the total

4

amount of the mortgage to US$53,284,688 in respect of the Loan and US$10,000,000 in respect of the Master Agreement Liabilities, together with interest, fees and performance of mortgage covenants (the "Addendum"). *(True and Correct copies of the Addendum to First Preferred Mortgage and related documents are attached hereto as "Exhibit 2")* The Addendum was entered into and executed under the laws of the Republic of the Marshall Islands. On July 9, 2013, at 12:38 P.M. E.E.S.T., this Addendum was recorded at the Maritime Office of the Republic of the Marshall Islands at Piraeus, Greece, in Book PM 24 at Page 714 in accordance with the laws of the Republic of the Marshall Islands. Upon recordation at the Maritime Office in Piraeus, the Addendum was registered under the laws of the Republic of the Marshall Islands at the central United States Office of the Maritime Administration of the Marshall Islands in the United States.

11. By an Assignment of and Second Amendment to First Preferred Marshall Islands Mortgage dated February 22, 2016, (the "Assignment and Second Amendment"), the Bank of Scotland plc assigned its mortgage over the M/T MEGACORE PHILOMENA to Plaintiff TMF Trustee Limited, who holds the mortgage on Trust for the secured parties, i.e., the current lenders Bank of America N.A. and Burlington Loan Management DAC (collectively "Lenders"), the Agent (TMF Global Services (UK) Limited), and Plaintiff. The Assignment and Second Amendment was executed under the laws of the Republic of the Marshall Islands.

By the Assignment and Second Amendment, Plaintiff was assigned the preferred ship mortgage with Hurricane Navigation Inc., with regard to the M/T MEGACORE PHILOMENA.

12. On February 22, 2016 at 09:35 A.M. Greenwich Mean Time, the Assignment and Second Amendment was duly recorded at the Maritime Office of the Republic of the Marshall Islands at London, England, in Book PM 27 at Page 406 in accordance with the laws of the Republic of the Marshall Islands. *(True and correct copies of the Assignment of and Second Amendment to the Mortgage and related documents are attached hereto as "Exhibit 3").* Upon recordation of the mortgage at the Maritime Office in London, the Assignment and Second Amendment was registered at the central United States Office of the Maritime Administration of the Republic of the Marshall Islands in the United States.

13. Under the Assignment and Amendment, the Bank of Scotland plc transferred 100 percent of its interest, rights, and title in the mortgage to the Plaintiff as mortgagee, and Plaintiff accepted. At the time of the assignment, the total amount owed and secured under the mortgage was US$46,206,549.92, together with interest, fees, commissions and performance of mortgage covenants.

14. On or about December 23, 2016, Plaintiff TMF Trustee Limited and Hurricane Navigation Inc. entered into a Third Amendment to First Preferred Marshall Inlands Mortgage over M/T MEGACORE PHILOMENA, Official

Number 4071 (the "Third Amendment"). The Third Amendment confirmed the Original Mortgage as amended and stated the total amount of the obligations secured by the Mortgage as amended to be US$42,034,727.36, together with interest, fees, commissions and performance of mortgage covenants. *(True and correct copies of the Third Amendment and related documents are attached hereto as "Exhibit 4")*

15. On December 23, 2016, at 4:37 P.M. E.E.S.T., the Third Amendment was recorded by the at the Maritime Office of the Republic of the Marshall Islands in Piraeus, Greece, in Book PM 27 at Page 2271 in accordance with the laws of the Republic of the Marshall Islands. Upon recordation of the Third Amendment at the Maritime Office in Piraeus, that record was registered at the central United States Office of the Maritime Administration of the Republic of the Marshall Islands in the United States.

16. The Original Mortgage, as amended by the Addendum, the Assignment and Second Addendum, and the Third Amendment, is a preferred mortgage over M/T MEGACORE PHILOMENA in favor of the Mortgagee under the law of the Republic of the Marshall Islands and under the Commercial Instruments and Maritime Lien Act.

17. Under Clause 14 ("Security Cover") of the Loan Agreement as amended, each Borrower, including Defendant Hurricane Navigation Inc.,

undertakes with the Finance Parties that if the Agent notifies the Borrowers that the aggregate Fair Market Value of the ships covered under the mortgage plus the net realizable value of any additional security previously provided under Clause 14 of the Loan Agreement, falls below 125 percent of the amount of the Loan (minus the balance standing to the credit of the Retention Account in respect of amounts relating to principal), the Borrowers must, within one month after the date on which the Agent's notice is served: (1) provide or ensure that a third party provides additional security which has a net realizable value at least equal to the shortfall and which consists of either cash pledged to the Security Trustee (Plaintiff), or a security interest covering such asset(s) and documented in such terms as the Agent may approve or require; or (2) prepay in accordance with Clause 7 of the Loan Agreement such part of the loan as will eliminate the shortfall. On or before September 8, 2017, the aggregate Fair Market Value of the ships covered under the mortgage plus the net realizable value of any additional security previously provided under Clause 14 of the Loan Agreement, fell below 125 percent of the amount of the Loan (minus the balance standing to the credit of the Retention Account in respect of amounts relating to principal).

18. On or about September 8, 2017, Plaintiff, through its agent, TMF Global Services (UK) Limited, notified Borrowers, including Defendant Hurricane Navigation Inc., by a Security Cover Breach Letter that the aggregate Fair Market

8

VERIFIED COMPLAINT *IN REM* AND *IN PERSONAM*  CASE NO. 2:17-CV-9010

Value of the ships covered under the mortgage plus the net realizable value of any additional security previously provided under Clause 14 of the Loan Agreement, was below 125 percent of the amount of the Loan (minus the balance standing to the credit of the Retention Account in respect of amounts relating to principal) and requested that Borrowers cure the shortfall within one month of the Security Cover Breach Letter being served.  *(A true and correct copy of the September 8, 2017 Security Cover Breach Letter is attached hereto as "Exhibit 5")*

19.    The Borrowers, including Defendant Hurricane Navigation Inc., failed to cure the default, and, by Event of Default Letter dated October 20, 2017, Plaintiff, through the Agent, notified the Borrowers that they had failed to cure the shortfall within one month of the Security Cover Breach Letter being served, and in accordance with the Security Cover Breach Letter.  The Event of Default Letter stated that, as a result, an Event of Default had occurred under Clause 18.1(b) of the Loan Agreement and that the commitments and all other obligations of the Lenders under the Loan Agreement were terminated and the Loan and all accrued interest and all other amounts accrued or owed under the Loan Agreement were immediately due and payable.  The Event of Default Letter dated October 20, 2017 noted that it constituted an acceleration notice for the purposes of Clause 18.4 of the Loan Agreement.  At the time of the notice (October 20, 2017), the amount demanded as secured and then due under the mortgage was US$34,470,101.29.

The Event of Default Letter stated that this amount reflected the record as of October 20, 2017 and interest would continue to accrue, and included a reservation of the right of the Finance Parties to make further demands for payment of accrued interest (including default interest) and / or should any further sums be found to be outstanding under the Finance Documents.  *(A true and correct copy of the October 20, 2017 Event of Default Letter is attached hereto as "Exhibit 6")*

20. Since the Event of Default Letter dated October 20, 2017 interest at the default rate has continued to accrue in accordance with the terms of the Loan Agreement, and the Agent has notified the Borrowers (i) of the amounts due in respect of interest as of October 31, 2017 and  November 30, 2017, which remain unpaid, and of  (ii) the Borrowers' failure to deposit in the Retention Account the relevant portion of interest that would be due on the next upcoming interest payment date, as required under Clause 17.2 (*Monthly Retentions*) and 17.3 (*Shortfall in Earnings*) of the Loan Agreement  *(A true and correct copy of the correspondence and statements of interest due sent to the Borrowers is attached hereto as "Exhibit 7" ).*  In accordance with Clause 6.6 of the Loan Agreement, "any interest which is not paid at the end of the period by reference to which it was determined, shall thereupon be compounded".

21. In breach of the Loan Agreement, neither the M/T MEGACORE PHILOMENA nor its Owners provided the required additional security or paid the

outstanding principal balance demanded, at the time, of US$34,287,297.71 (which currently, following compounded interest, is US$34,880,609.65) in addition to the interest and costs and expenses owed.

22.     Payment of sums, including interest and certain expenses, has been duly demanded by Plaintiff from the Borrowers in accordance with the Loan Agreement but the outstanding principal amount of US$34,880,609.65, together with additional interest, costs and expenses remains outstanding.  In breach of the agreement, the Borrowers, including Defendant Hurricane Navigation Inc. (compounded, were applicable) have not paid the outstanding balance and the interest, costs, and expenses continue to accrue while the principal remains unpaid. In addition, certain costs and expenses of the Agent and the Plaintiff, including without limitation legal fees, have already been incurred, (part of which has been demanded from the Borrowers) and remain unpaid.  Moreover, Plaintiff estimates costs and attorney's fees associated with the Event of Default and this action to be no less than US$325,000.

23.     To date, the Borrowers have neglected, failed, or otherwise refused to pay the outstanding sums, which currently stand at US$34,880,609.65 in principal plus (i) US$185,966.64 (as of the date of this Complaint) of accrued interest, and (ii) costs and expenses, which are due and/or payable under the mortgage and Loan Agreement.

11

24. As a result of Borrowers' failure to pay the amounts owed to Plaintiff under the Loan Agreement as amended and assigned, Plaintiff's claim for the amount of US$34,880,609.65 plus accrued compound interest and costs and expenses, attaches as a preferred mortgage lien in favor of Plaintiffs on the M/T MEGACORE PHILOMENA under the terms of the preferred ship mortgage. This lien is enforceable by suit *in rem* under the provisions of 46 U.S.C. § 31301 *et seq*.

25. By this action, Plaintiff claims and seeks to enforce its preferred maritime lien, under 46 U.S.C. §§ 31325 and 31326 and Rule C of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, and to recover the sums due, including any deficiencies, from the M/T MEGACORE PHILOMENA and Defendant Hurricane Navigation Inc.

WHEREFORE, Plaintiff prays as follows:

A. That process in due form of law, according to the practice of this Honorable Court in cases of admiralty jurisdiction issue against M/T MEGACORE PHILOMENA, her engines, tackle, other appurtenances, etc., *in rem,* a warrant for the arrest of the M/T MEGACORE PHILOMENA, and that the said vessel be seized by the U.S. Marshal to be held as security against any judgment to be entered herein;

B. That the M/T MEGACORE PHILOMENA, her engines, tackle, furniture apparel, appurtenances, etc., after her arrest be condemned and sold, free

and clear of all liens and encumbrances, to satisfy the judgment, and that the Court award Plaintiff out of the proceeds of the said sale, the full amount of its claim, together with interest, costs and attorney's fees;

C. That the preferred ship mortgage be declared to give rise to a valid preferred maritime lien on the M/T MEGACORE PHILOMENA and declared prior and superior to all other interests, liens, or claims against the M/T MEGACORE PHILOMENA;

D. That judgment in the amount of US$34,880,609.65 plus accrued and compound interest and costs and expenses be granted in favor of Plaintiff and against the vessel M/T MEGACORE PHILOMENA and Defendant Hurricane Navigation Inc.; and

E. That the Court grant Plaintiff such other and further relief as may be just, equitable, and proper.

Dated: December 15, 2017             Respectfully submitted,

                                     FLYNN, DELICH & WISE LLP


                                By:  /s/ Erich P. Wise
                                     Erich P. Wise
                                     Nicholas S. Politis
                                     Zachary J. Politis
                                     Attorneys for Plaintiff
                                     TMF TRUSTEE LIMITED

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
ONE WORLD TRADE CENTER, SUITE 1800
LONG BEACH, CALIFORNIA 90831-1800
(562) 435-2626

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
ONE WORLD TRADE CENTER, SUITE 1800
LONG BEACH, CALIFORNIA 90831-1800
(562) 435-2626

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| TMF TRUSTEE LIMITED, | ) **CASE NO.:** 2:17-CV-9010 |
| Plaintiff, | ) |
| | ) IN ADMIRALTY |
| vs. | ) |
| | ) **VERIFICATION OF COMPLAINT** |
| M/T MEGACORE PHILOMENA, her engines, boilers, tackles, and other appurtenances, etc., *in rem*; HURRICANE NAVIGATION INC., a Marshall Islands Corporation, *in personam*, | ) ***IN REM* AND *IN PERSONAM*** |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |

I, Erich P. Wise, declare as follows:

1. I am one of the attorneys representing Plaintiff TMF Trust Limited, in this matter and I am authorized by that company to verify the Complaint in this case on its behalf because it has no officers within this district.

2. I have read the foregoing Verified Complaint *In Rem* in this matter and, based on documents and information obtained from employees and representatives of the Plaintiff through its agents and attorneys, I am informed and believe the matters therein to be true and on that ground, I allege the matters stated in the Verified Complaint to be true.

//

14

VERIFIED COMPLAINT *IN REM* AND *IN PERSONAM*   CASE NO. 2:17-CV-9010

I declare under penalty of perjury and the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed this 15th day of December, 2017 at Long Beach, California.

/s/ Erich P. Wise
Erich P. Wise