MICHAEL L. SWAIN (133260)
ROSS I. LANDAU (259260)
SWAIN & DIPOLITO LLP
555 East Ocean Boulevard, Suite 600
Long Beach, California 90802
Telephone: (562) 983-7833
Facsimile: (562) 983-7835
E-mail: mswain@swaindipolito.com
       rlandau@swaindipolito.com

Attorneys for Plaintiff-Intervenor,
MONJASA LTD.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TMF TRUSTEE LIMITED,<br><br>        Plaintiff,<br><br>  vs.<br><br>M/T MEGACORE PHILOMENA, her engines, boilers, tackles, and other appurtenances, etc., *in rem*, HURRICANE NAVIGATION INC., a Marshall Islands Corporation, *in personam*<br><br>        Defendants.<br>_____<br>MONJASA LTD.<br><br>        Plaintiff-Intervenor,<br><br>  vs.<br><br>M/T MEGACORE PHILOMENA, her engines, boilers, tackles, and other appurtenances, etc., *in rem*;<br><br>        Defendants.<br>_____<br>AND RELATED CLAIMS. | IN ADMIRALTY<br><br>Case No. 2:17-cv-09010-AGR<br><br>Honorable Alicia G. Rosenberg<br><br>MONJASA LTD.'S OPPOSITION TO MOTION FOR ORDER TO CONDUCT INTERLOCUTORY SALE<br><br>DATE: April 3, 2018<br>TIME: 10:00 a.m.<br>CTRM: B |

# I.
## THE MOTION IS PREMATURE

A motion to vacate the TMF Trustee's arrest is pending. If that arrest was made without probable cause, the TMF Trustee has no legal right to ask for an interlocutory sale, and the instant motion should be denied.

If the motion for an interlocutory sale is considered by the Court at this time, Monjasa requests amended terms with respect to the proposed Order.

# II.
## THE PROPOSED ORDER OF SALE SHOULD BE AMENDED

A.  Sale Date and Notice of Sale.

Page 1, lines 25 through 28 of the Proposed Order should be deleted and replaced with the following:

> ".. auction to the highest bidder on <u>July 25, 2018</u> at 10:00 a.m. after publication of notice in the Los Angeles Daily Journal for seven (7) days, as required by Local Rule E.15, and after notice is given to the following purchase and sale brokers sixty (60) days before the date of sale: Clarkson's, Galbraith, McQuillory, Horizon,

        Optima, Jacq. Pierot, Braemar, Simpson Spencer & Young, and Martin Ottaway.

        The Notice of Sale shall also be published at least sixty (60) days before the sale in the following shipping trade newspapers and journals: Tradewinds and Journal of Commerce."

The minimal notice to the public of seven (7) days proposed by the TMF Trustee is patently unfair to other parties, if not interposed in bad faith. Obviously, it is designed to lock out other creditors with legitimate claims to the proceeds of any sale by severely restricting notice of the sale to potential buyers of the ship.

Therefore, Monjasa proposes that notice be given to all of the major purchase and sale ship brokers listed above. These brokers have access to buyers throughout the world. The objective is obtain the greatest possible purchase price for the benefit of all parties concerned. Notice should also be given to maritime trade publications and newspapers, and they should be asked to publish the notice of the sale. This will ensure that the greatest number of potential buyers are made aware of the sale and promote competitive bidding.[1]

---

[1] Early on, Monjasa asked the TMF Trustee to include these brokers and entities in any order seeking the sale of the ship, but for reasons known only to the TMF Trustee, it elected not to do so.

B. Use of Multiple Brokers and Commission

Page 2, paragraph 1, should be amended to state that:

> "The brokers listed above may market and broker the sale of the Vessel, and if that results in a sale, the facilitating broker shall receive a commission at its customary rate to be paid from the proceeds after custodia legis expenses and after distribution of the fund to the intervening creditors....".

A broker does not create the fund, the buyer does. Neither does a broker maintain or preserve the ship under the authority of the Court during the arrest. See, generally, THE POZNON, 274 U.S. 117, 47 S.Ct. 482 (1927), and its progeny. Therefore, a broker should be paid only after all other custody expenses and creditors are paid. This will also encourage the brokers to obtain the greatest possible price for the ship in the market.

Importantly, the sale is a public auction by law, not a private sale. The proposal for one broker whose commission is paid as a custodia legis expense, with a low-minimum bid, reeks of a pre-arranged private sale by the TMF Trustee through a preferred broker, especially where notice of the sale is for a very short period of time in a local legal newspaper whose

///

audience is primarily disinterested Southern California lawyers and judges. The selling market for this vessel is the entire world.

C. Minimum Bid

Page 2, line 28 should be amended to state the minimum bid will be "at least USD $22,000,000," based on the valuations already filed in the record. Notably, the ship is essentially "brand new", having been delivered in 2010. The proposed minimum bid is somewhat akin to offering a BMW at a Volkswagen price.

A USD 17M minimum bid proposed by the TMF Trustee is far too low, where it has produced _no_ evidence whatsoever that the value of the ship is suddenly $7M less than it was only 7 months ago. The proposed minimum bid is also purposely designed to lock out other creditors from the prospect of recovery from the proceeds of the ship's sale.[2]

If the ship fails to sell at $22M, the Court can revisit the issue of a minimum bid and order another sale on an expedited basis with a lower minimum bid. For now, it would be

---

[2] Ideally, the TMF Trustee should be ordered to provide a current valuation for the ship. This is easily obtainable. It should also be ordered to provide a trend and forecast for the value of this ship in the shipping market from August, 2017, the date of its last valuation and the valuation previously obtained by Howell. This too is easily obtainable and the TMF Trustee can afford it.

fair to all parties only if the Court sets a minimum bid to sell the ship at a price that is closest to its last estimated market value so that all claims of all creditors can be satisfied. USD 17M is simply an unacceptable minimum bid for this ship in this case.

D. Fuel Burned During Arrest

Page 4, line 19 should be amended to state:

"... food, fuel water expenses, as well as any unpaid crew wages, and <u>the cost of the fuel onboard which was consumed prior to refueling by the substitute custodian, be deemed custodia legis.</u>" (emphasis added.)

TMF Trustee wrongfully seeks to exclude the cost of the fuel owned by Monjasa which was consumed by the ship during the arrest, even though it is fully aware of this custodial cost.

Based on Monjasa's Verified <u>in</u> <u>rem</u> Complaint, Monjasa delivered 180 metric tons of MGO fuel to the ship in St. Eustalius. (Monjasa's Verified Complaint, ¶¶ 6 and 7, Exh. E) Based on the advices of counsel for the Owner, Monjasa was the last provider of fuel to the ship. (Decl. of Michael L. Swain, ¶ 2). When the ship was arrested, it had 200.78 metric tons of MGO fuel onboard. (Decl. of Michael L. Swain, ¶ 4). Accordingly, <u>all</u> of Monjasa's MGO fuel – 180 metric tons of it,

was still onboard when the ship was arrested, and it retained title to it. (Monjasa's Verified Compl., ¶ 9, Exh. D-22, ¶ 12.2).

The substitute custodian burned all of Monjasa's MGO fuel, commencing on December 18, 2017, the day of its arrest, until the ship ran out of MGO Fuel in late January, 2018. Refueling with MGO fuel in Long Beach was required twice. Just as the substitute custodian should be awarded the cost of fuel which it supplied during the arrest from late January, 2018, Monjasa should be awarded the cost of its MGO fuel which was burned from December 18, 2017, until refueling in late January, 2018. The cost of the fuel burned during the arrest, from whatever source, is a custodia legis expense. Both are costs recoverable as custodia legis expenses.

Monjasa has filed a separate Petition for Custodia Expense. (Dkt. 126), and the Court's Order should include the cost of Monjasa's fuel which was burned before refueling by the substitute custodian, as reflected in the proposed amendment above.

E. Payment for or Exclusion of IFO Fuel Onboard

Page 5, should include an additional paragraph as follows:

///
///

> "ORDERED that Monjasa shall recover the value of the IFO fuel which is onboard the Vessel from the proceeds of the sale."

Or, alternatively,

> "ORDERED that the sale of the Vessel shall not include the IFO fuel onboard, pending further Order from this Court."

Monjasa owns the IFO fuel onboard, too. It delivered 650 metric tons of IFO fuel at St. Eustalius. (Monjasa's Verified Compl., ¶¶ 6 and 7). Monjasa was the last provider of fuel to the ship. (Decl. of Michael L. Swain ¶ 2). It arrived in Long Beach with 244 metric tons on board. (Decl. of Michael L. Swain, ¶ 3). Under Monjasa's terms, Monjasa retains title to this fuel until it is paid for. (Monjasa's Verified Compl., ¶ 9, Exh. D-22, ¶ 12.2). The owner has not paid for the fuel. (Monjasa's Verified Compl., ¶ 10). Therefore, Monjasa still owns the remaining 244 metric tons of IFO fuel onboard.

Monjasa has filed (or will file shortly hereafter) an Amended Complaint seeking to recover the IFO fuel, or its value, or to sell it. Accordingly, it should be awarded the value of that fuel, or the fuel should be excluded from the sale and sold separately. See, e.g., <u>Oil Shipping (Bunkering) B.V. v. Royal Bank of Scotland</u>, 1993 A.M.C. 1774, 1779 (E.D. Pa. 1993)(fuel on board sold separately from the ship).

## III.

## CONCLUSION

By way of summary, the motion should be denied, or if granted, the Proposed Order should be amended with respect to the date of sale and notice of sale, the use of multiple brokers and commissions, if any, the minimum bid, the MGO burned during arrest as a custodia legis expense, and an award of the value of the IFO fuel onboard the ship or alternatively, its exclusion from the sale.

DATED: March 13, 2018          SWAIN & DIPOLITO LLP

                               By: _____
                                   MICHAEL L. SWAIN
                                   Attorneys for
                                   Plaintiff-Intervenor,
                                   MONJASA LTD.