Erich P. Wise/State Bar No. 63219
erichw@fdw-law.com
Nicholas S. Politis/State Bar No. 92978
nicholasp@fdw-law.com
Alisa Manasantivongs/State Bar No. 260227
alisam@fdw-law.com
Zachary J. Politis/State Bar No. 306310
zackp@fdw-law.com
Peter F. Black/State Bar No. 317524
peterb@fdw-law.com
FLYNN, DELICH & WISE LLP
One World Trade Center, Suite 1800
Long Beach, CA 90831-1800
Telephone:   (562) 435-2626
Facsimile:    (562) 437-7555

Attorneys for Plaintiff and Counter-Defendant
TMF TRUSTEE LIMITED

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| TMF TRUSTEE LIMITED, | ) **CASE NO.:** 2:17-cv-09010-AGR |
| Plaintiff, | ) ) **IN ADMIRALTY** |
| vs. | ) ) **MEMORANDUM OF POINTS AND** |
| M/T MEGACORE PHILOMENA, her engines, boilers, tackles, and other appurtenances, etc., *in rem*; HURRICANE NAVIGATION INC. a Marshall Islands Corporation, *in personam*, | ) **AUTHORITIES IN SUPPORT OF** ) **TMF TRUSTEE LIMITED'S** ) **MOTION FOR PARTIAL** ) **DISTRIBUTION OF PROCEEDS** ) **FROM SALE OF VESSEL** ) |
| Defendants. | ) Hearing:        October 30, 2018 ) Time:            10:00 a.m. ) Courtroom:   550 ) Judge:           Hon. Alicia G. Rosenberg |
| AND RELATED ACTIONS. | ) |

---

## I. INTRODUCTION

Plaintiff and Counter-Defendant TMF Trustee Limited ("TMF") moves for an order that the portion of the cash sale proceeds deposited with the Court by the purchaser of the M/T MEGACORE PHILOMENA that exceeds the aggregate amount of the competing third party lien, attachment, and custodial claims, the fees and expenses of the U.S. Marshal, and the commission and expenses of the sales broker, H. Clarkson & Co. Ltd., be distributed to TMF by the clerk forthwith. The basis for this request is that the evidence establishes TMF has a valid mortgage against the vessel which entitles it to those proceeds, at least to the extent that the amount of those proceeds exceeds custodial and administrative costs and claims by intervenors and other third parties who contend they have priority rights to the proceeds over those of the mortgagee.

While the parties dispute whether certain of the third-party claims asserted to date have priority over the mortgage, all of those claims need to be secured only in the aggregate amount of those claims and not to the full amount of the vessel proceeds. Because it holds a valid mortgage against the vessel, TMF is entitled to receive the remainder of the sale proceeds in excess of the amounts represented by the claims of the third parties and the custodial, brokerage and U.S. Marshal's fees and expenses. Applying the same principles that allow a mortgagee to credit bid on a vessel sold at auction, there is no reason that the Court should retain those residual proceeds or that TMF should be deprived of them any further where, as here, the mortgagee has proved a valid mortgage against the vessel and the competing claims are secured by cash deposited into the registry of the court.

To the extent that the court denied TMF's request for a credit bid based on its untimeliness and the already established requirement of cash bids, the rationale for that denial no longer pertains. The sale has been confirmed and the terms of the Sale Order requiring cash payment of the deposit and full balance of the purchase price have been satisfied upon dismissal of the objection to the sale filed by Hurricane

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
ONE WORLD TRADE CENTER, SUITE 1800
LONG BEACH, CALIFORNIA 90831-1800
(562) 435-2626

1

Memorandum of Points and Authorities in Support of TMF Trustee Limited's
Motion for Partial Distribution of Proceeds from Sale of Vessel

Case No. 2:17-cv-09010-AGR

Navigation Inc. ("Hurricane") on September 24, 2018, and the cash deposit of the sale balance by Hawkes Vigo IV ("Hawkes"), on September 28, 2018. (Dkt. No. 368)

Under Supplemental Admiralty Rule E(9((a)(1), sale proceeds for an interlocutory sale are to be paid into court "to await further order of the court." Supplemental Admiralty Rule E(9)(b) requires that the proceeds "shall forthwith be paid into the registry of the court to be disposed of according to law." Here, TMF's mortgage on the vessel entitles it to receive the proceeds of the sale of the M/T MEGACORE PHILOMENA up to the value of its mortgage, subject to the priority claims of certain lienholders, parties that contributed custodial expenses, and the fees and expenses of the U.S. Marshal and the Broker allowed by the Court. Accordingly, TMF hereby applies to the court for an order that the clerk distribute the amount of US $15,381,356.28 from the vessel proceeds deposited with the Court to TMF forthwith, reserving the amount of US $3,618,643.72 in cash to remain on deposit in the registry of the court as security for the remaining claims against the proceeds.[1]

## II. STATEMENT OF FACTS

As demonstrated by its motion for summary judgment (Dkt. Nos. 206 through 213, 267 and 268), TMF has a valid Marshall Islands preferred mortgage lien on the M/T MEGACORE PHILOMENA. (Dkt. No. 208-5) This Court declined to permit TMF to place a credit bid, citing the already-ordered and published cash-bid terms of the sale and the court's concerns about discouraging third-party bidders. (Dkt. No. 338) The only party to bid the minimum bid price set by the court was Hawkes. No third-parties placed a bid at the interlocutory sale on September 11, 2018. In

---

[1] The reserved amount does not include the custodial expenses of more than US$1.4 million incurred by TMF since the arrest. TMF does not require security for these claims if it receives the distribution requested here because the sales proceeds are sufficient to cover those expenses and all other claims that might have priority over TMF's custodial claims. TMF will subsequently seek an order that allocates TMF's recovery between the mortgage custodial and other fees and expenses.

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
ONE WORLD TRADE CENTER, SUITE 1800
LONG BEACH, CALIFORNIA 90831-1800
(562) 435-2626

1 order to protect TMF's mortgage interest in the vessel from further deterioration and 2 to ensure a sale, a cash bid of the minimum bid amount of US$19,000,000 was made 3 by Hawkes, a special purpose vehicle bidding on behalf of the Lenders that are the 4 beneficiaries of the Trust for which TMF is the Security Trustee for the Trust 5 Property securing the Loan Agreement, including the M/T MEGACORE 6 PHILOMENA. (See Dkt. No. 368).

It is undisputed that the amount of TMF's mortgage is at least equal to the US$19 million sale price bid by Hawkes. (Dkt. No. 254, pp. 7-8). Because TMF holds a valid mortgage on the vessel, it is not necessary to withhold those funds from TMF during the further pendency of this action. The withholding of funds will only reduce the value of TMF's mortgage on the ship because the amount recoverable under the mortgage is fixed by the purchase price. As long as the funds remain in the Court registry, TMF and its Lenders will be deprived of the use of those funds for investment and they will lose their ability to obtain market rate interest or a return on investment. These losses are not remediable because TMF's recovery under the mortgage is limited to the amount of the proceeds of the sale and there is no other source from which TMF would be entitled to recover the losses it incurs under the mortgage while the funds remain in court. This injury will be avoided or substantially reduced if the court allows TMF to draw down now that portion of the purchase price balance deposited by the Hawkes that represents the mortgage amount in excess of the competing third-party claims against the vessel.

//
//
//
//
//
//
//

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
ONE WORLD TRADE CENTER, SUITE 1800
LONG BEACH, CALIFORNIA 90831-1800
(562) 435-2626

3

Memorandum of Points and Authorities in Support of TMF Trustee Limited's
Motion for Partial Distribution of Proceeds from Sale of Vessel

Case No. 2:17-cv-09010-AGR

The amount of the funds to be reserved against the third-party claims is US$3,618,643.72, itemized as follows:

| | |
|---|---|
| BP Marine Ltd., E.N. Bisso & Son Inc., Cooper/T. Smith Mooring Co., Ocean Energy, Riley Sherman Shipping Agency, Inc. | US$232,155.98 *See* Dkt. No. 370 |
| Novell Investments Inc. | US$1,727,076.76 *See* Dkt. No. 380 |
| Monjasa Ltd. | US$284,056.00. *See* Dkt. No. 354 |
| Dan-Bunkering (Monaco) S.A.M. | US$277,177.04 *See* Dkt. No. 381-1 |
| Hurricane Navigation Inc. | US$553,099.07 *See* Dkt. No. 346 |
| World Chandlering International | US$13,179.65 *See* Dkt. No. 363 |
| U.S. Marshal | US$100,000 |
| Nielsen Beaumont | US$230,548.25 *See* attached Exhibit A[2] |
| H. Clarkson & Co. Ltd. | US$151,350.97 *See* attached Exhibit B |
| Contingent | US$50,000 |
| **TOTAL:** | **US$3,618,643.72**[3] |

---

[2] Expenses of US$180,548.25 recently incurred by the Custodian are reflected by invoices dated September 25, and 28 and October 1, 2018, for fuel, crew wages and other custodial costs, attached hereto as Exhibit A. These have been passed on for payment by TMF according to the usual course of dealing since the arrest, but they are reserved here pending such payment. An additional US$50,000 is included to account for other anticipated expenses necessary to conclude the custody, including repatriation of the crew.

[3] It is anticipated that the claims and priorities of BP Marine, et al. and Dan-Bunkering (Monaco) S.A.M. will be undisputed and that these funds will be distributed before the hearing on TMF's motion for distribution. The Monjasa Claim

4

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
ONE WORLD TRADE CENTER, SUITE 1800
LONG BEACH, CALIFORNIA 90831-1800
(562) 435-2626

TMF requests an order that directs the clerk to distribute to TMF the residual amount of the proceeds in excess of the US$3,618,643.72 in claims and custodia legis expenses. This amount is US$15,381,356.28.[4]

### III. ARGUMENT

TMF is entitled to the relief it seeks because its valid mortgage interest in the vessel exceeds the amount of bid made and cash deposited by Hawkes, and the cash bid and deposit made by the buyers in the case has eliminated the potential concerns that this court identified in denying TMF's request for a credit bid. Now that the sale and deposit of proceeds have proceeded in accordance with the court's Order of Sale, there is no issue with compliance with the Order, notice to the public, or the possible discouragement of other bidders. On the other hand, Local Rules and numerous decisions of various courts allow a credit bid by mortgagees because it avoids the anomalous circumstance of payment into the registry of cash proceeds that are then to be paid out directly to the bidding mortgagee. In this case, TMF, as Security Trustee, holds the mortgage on the vessel for the Lenders who are

---

consists of three components, the fuel burned prior to arrest of the vessel, the IFP fuel remaining on board purchased at auction, and the MGO fuel burned after the arrest. The claim for the IFO fuel onboard is covered by the cash deposit of US$112,240.00 now in the court's registry and is not included in the amount reserved from the purchase of the vessel. The priority of Monjasa's other claims is subject to dispute. The priority of the claims made by Novell and Hurricane are in dispute. The amounts reserved for the U.S. Marshal and H. Clarkson & Co. Ltd. are estimates. The U.S. Marshal's expenses are expected to include the US$50,000 statutory maximum for commission in 28 CFR 0.114 and no more than US$50,000 for miscellaneous fees and expenses. The estimate for H. Clarkson & Co. Ltd. includes US$142,500 in commission for the vessel sale, and US$8,850.97 in travel lodging and meal expenses incurred to attend the auction in Long Beach. See Exhibit B attached hereto. A contingent amount of US$50,000 is included to address any unforeseen claims or expenses.

[4] TMF is prepared to adjust the amount of the requested distribution if the court so requires or other parties demonstrate a reasonable basis for an increase in the amount to be reserved.

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
ONE WORLD TRADE CENTER, SUITE 1800
LONG BEACH, CALIFORNIA 90831-1800
(562) 435-2626

5

Memorandum of Points and Authorities in Support of TMF Trustee Limited's Motion for Partial Distribution of Proceeds from Sale of Vessel

Case No. 2:17-cv-09010-AGR

beneficiaries of the Trust. Those Lenders have funded the purchase of the vessel through the finance mechanism of a special purpose vehicle. Under these circumstances, the cash bid in this case is the equivalent of a bid by the Security Trustee and should be treated as such. Distribution of the proceeds of the sale that are not required to secure the claims of competing third parties should be allowed to put TMF (and its Lenders) in the same position as if they had been allowed to submit a credit bid on the ship at the sale Order by the Court, without prejudice to the competing claimants or the bidding process.

Courts routinely allow mortgagees with a valid mortgage to credit bid on ships sold by the court. At least one court has permitted credit bids even where the mortgage or lien priority was subject to vigorous dispute. *Neptune Orient Lines, Ltd. v. Halla Merch. Marine Co.*, 1998 WL 128993, at *4 (E.D. La. Mar. 20, 1998); *See also*, *Key Bank of Puget Sound v. Alaskan Harvester*, 738 F. Supp. 398 (W.D. Wash. 1989). Once the sale has been completed, the Court has authority to manage the proceeds of the sale deposited in the registry and to dispose of those proceeds "according to law" under Supplemental Admiralty Rule E(9)(b). TMF, as the holder of a valid mortgage on the M/T MEGACORE PHILOMENA has a legal right to the proceeds of the sale and distribution of the proceeds to TMF satisfies the requirement of this Rule that the distribution accord with the applicable law.

The Order sought here will allow the distribution to TMF only of the amount of the cash on deposit that exceeds the amount deposited that fully secures the competing third-party claims. It will allow the court to retain jurisdiction over the *res*, and protect all other parties claiming against the vessel proceeds. As the court in *Neptune Orient Lines* explained its reasoning in requiring security for a credit bid: "The bond requirement preserves the rights of other claimants until all claims have been adjudicated." *Neptune Orient Lines, Ltd. v. Halla Merch. Marine Co.,* 1998 WL 151433, at *1 (E.D. La. Mar. 24, 1998). The requested relief addresses this

6

Memorandum of Points and Authorities in Support of TMF Trustee Limited's Motion for Partial Distribution of Proceeds from Sale of Vessel

Case No. 2:17-cv-09010-AGR

concern, while mitigating further injury to TMF and its Lenders associated with the loss of use of the proceeds of the sale while they are deposited in the registry.

## IV. CONCLUSION

For the foregoing reasons, TMF requests that the court order the distribution of US$15,381,356.28 to TMF from the proceeds of the vessel sale on deposit in the court's registry and the retention of US$3,618,643.72 in that account to secure the pending claims of the competing lienholders and the parties entitled to fees and expenses from those proceeds, subject to further orders of the court.

Respectfully submitted,

Dated: October 2, 2018  FLYNN, DELICH & WISE LLP

By: /s/ Erich P. Wise
Erich P. Wise
Nicholas S. Politis
Alisa Manasantivongs
Zachary J. Politis
Peter F. Black
Attorneys for Plaintiff and Counter-Defendant
TMF TRUSTEE LIMITED

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
ONE WORLD TRADE CENTER, SUITE 1800
LONG BEACH, CALIFORNIA 90831-1800
(562) 435-2626

7

Memorandum of Points and Authorities in Support of TMF Trustee Limited's Motion for Partial Distribution of Proceeds from Sale of Vessel

Case No. 2:17-cv-09010-AGR