MICHAEL L. SWAIN (133260)
ROSS I. LANDAU (259260)
SWAIN & DIPOLITO LLP
555 East Ocean Boulevard, Suite 600
Long Beach, California 90802
Telephone:  (562) 983-7833
Facsimile:  (562) 983-7835
E-mail: mswain@swaindipolito.com
        rlandau@swaindipolito.com

Attorneys for Plaintiff-Intervenor,
MONJASA LTD.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TMF TRUSTEE LIMITED,<br><br>        Plaintiff,<br><br>  vs.<br><br>M/T MEGACORE PHILOMENA, her engines, boilers, tackles, and other appurtenances, etc., *in rem*, HURRICANE NAVIGATION INC., a Marshall Islands Corporation, *in personam*,<br><br>        Defendants.<br>_____<br>MONJASA LTD.,<br><br>        Plaintiff-Intervenor,<br><br>  vs.<br><br>M/T MEGACORE PHILOMENA, her engines, boilers, tackles, and other appurtenances, etc., *in rem*; THE IFO BUNKER FUEL aboard the M/T MEGACORE PHILOMENA provided by MONJASA LTD., *in rem*,<br><br>        Defendants.<br>_____<br>AND RELATED CLAIMS. | Case No. 2:17-cv-09010-AGR<br><br>Honorable Alicia G. Rosenberg<br><br>MONJASA LTD.'S MEMORANDUM IN OPPOSITION TO TMF TRUSTEE LIMITED'S MOTION FOR PARTIAL DISTRIBUTION OF PROCEEDS FROM SALE OF VESSEL<br><br>DATE: October 30, 2018<br>TIME: 10:00 a.m.<br>CTRM: 550 |

TMF's motion for partial distribution is premature and not well-founded in law. It should be denied.

In support of its motion, TMF cites two district court cases, neither of which are apposite and only one of which was officially published by a district court almost 30 years ago. TMF cites no appellate decisions in support of its motion. Moreover:

1. The validity of TMF's mortgage has not been established. It is disputed and the subject of a pending motion for summary judgment motion. The instant motion is nothing more than a thinly disguised attempt to prod the Court into deciding its motion for summary judgment.[1]

2. TMF has no statutory or procedural right to distribution of $15M in cash, before it obtains a ruling on its motion for summary judgment and a declaration that its mortgage lien is valid. Unlike other parties who have asked for a distribution, TMF has not received an order granting its motion for summary judgment, and therefore, it is not entitled to any

///

---

[1] Insofar as TMF re-characterizes its motion for a partial distribution as a motion for recognition of the validity of its ship mortgage in its ex parte application for an expedited hearing, Monjasa notes that cross-collaterlization or cross-mortgages are not expressly authorized in the Ship Mortgage Act, and therefore, Monjasa questions whether TMF's mortgage on the M/T MEGACORE PHILOMENA for an alleged loan debt twice as great as the value of the ship is valid, entitling it to judgment "as a matter of law." Importantly, the mortgage in question is not a fleet mortgage, but a mortgage on a single vessel.

Monjasa's Memorandum in Opposition to TMF's Motion for Partial Distribution

proceeds from the sale of the ship at this time, much less on an expedited basis.

By TMF's logic, Monjasa should be entitled to a distribution, too, based on its invoice for the sale of its fuel, supported by a declaration, and a statement that money will be available for other creditors after that distribution. Obviously, Monjasa could not obtain a distribution on that basis alone.

3.   Lien ranking vis-a-vis Monjasa should be determined before a distribution, if any, to TMF.

First, TMF's alleged mortgage lien should be equitably subordinated to Monjasa's lien, because of inequitable conduct by TMF that injured Monjasa, as will be proven by subsequent motion or at trial.

For example, this suit does not involve the first time TMF has alleged a security-to-value default.  This suit actually involves the _second_ alleged security-to-value default the first having occurred in October, 2016.

As noted in Gilmore and Black, the leading treatise in admiralty law:

> "Assume that a mortgagee knows that his
> mortgagor is insolvent and also knows that

>the mortgagor, if he continues to operate the
vessel, will necessarily run up large bills
for supplies and repairs which he will be
unable to pay in the ordinary course of
business.  If under such circumstances, after
default, the mortgagee allows the mortgagor
to continue his operations, there would be
good reason to hold that the mortgage had
lost its priority over the post-mortgage
liens.  It would make no difference whether
the result was rationalized in terms of
laches (the prejudice to lienors is
sufficiently obvious) or in terms of
subordination on equitable principles."

<u>The Law of Admiralty</u>, Gilmore and Black (2d.Ed. 1975), §9-83, p. 786.

Rather than take possession of the M/T MEGACORE PHILOMENA after the first default, as TMF recently did with respect to the M/T MEGACORE HONAMI, or arrest the ship; TMF let Hurricane, Inc., continue to operate and "limp along", incurring almost $1 million in maritime lien claims from suppliers, as evidenced by the numerous unpaid intervenors in this case.  Equitable subordination on that basis alone would appear to be appropriate.

Second, under the equitable doctrine of marshaling of assets, TMF should be compelled to exhaust its other security,

Monjasa's Memorandum in Opposition to TMF's Motion for Partial Distribution

the M/T MEGACORE HONAMI, which it very recently possessed in August, 2018, before obtaining any distribution in this case from the res replacing the M/T MEGACORE PHILOMENA. A junior lien holder by statute only, Monjasa should not be injured or prejudiced until TMF obtains satisfaction of the alleged indebtness from the other ship, first. Therefore, at present, TMF should not be entitled to any distribution until that occurs.

4. There is no special injury to TMF that is proportionally greater than the injury to the secured parties, all of whom have a legal entitlement to funds. Presumably, TMF could have sought an order that the proceeds from the sale be deposited in an interest earning account. (General Order No. 16-04, filed September 16, 2016), which would have protected it against the loss of use of the money. It did not do so. In any event, it is not entitled to special treatment, now, simply because it voluntarily agreed to assume a multi-million dollar mortgage on the ship in the first instance.

5. There is no offer from TMF to provide a bank guarantee to replace the funds it wishes to extract from the Registry. If TMF loses its motion for summary judgment, for whatever reason, or it loses the case; both the ship and 15M of the res will be gone, if it receives a distribution, now. TMF's purchase of the ship via a "special purpose vehicle", plus a distribution of $15M, will destroy the vast majority of security held by other parties. For reasons known only to TMF, it has inexplicably withdrawn its offer to the other parties to post a bank guarantee

Monjasa's Memorandum in Opposition to TMF's Motion for Partial Distribution

or other security for the money it now seeks.

6. Finally, TMF mis-characterizes and misrepresents Monjasa's claim against the res in footnote 3 of its supporting memorandum. Monjasa has obtained a summary judgment award on its maritime lien against the M/T MEGACORE PHILOMENA for $396,296, plus prejudgment interest at the legal rate. Prejudgment interest from December 17, 2017, thru October 9, 2018 (at 1.72% per annum, the applicable rate), equals $5,245.20, entitling Monjasa to an award of $401,541.20. With a credit given for proceeds from the sale of its IFO Fuel ($112,240), the sum of $289,301.20, is owed on Monjasa's maritime lien claim. Assuming a credit for Monjasa's MGO fuel which was burnt during this Court's custody of the ship - valued at $131,092; the sum of $158,209.20, will be owed on Monjasa's summary judgment award. However, for present purposes, TMF's allocation of $284,056, to Monjasa's maritime lien claim is inadequate. At least $289,301, in cash should be set aside for Monjasa's maritime lien claim, subject to reduction later on for a custodia legis expense award.

For these reasons, TMF's motion for a partial distribution should be denied.

DATED: October 9, 2018                    SWAIN & DIPOLITO LLP

                                          By: *signature*
                                              MICHAEL L. SWAIN
                                              Attorneys for
                                              Plaintiff-Intervenor,
                                              MONJASA LTD.