UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-9010-AGR | Date | October 22, 2019 |
|---|---|---|---|
| Title | TMF Trustee Limited v. M/T Megacore Philomena, et al. | | |

| Present: The Honorable | Alicia G. Rosenberg, United States Magistrate Judge | |
|---|---|---|
| Karl Lozada | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff | | Attorneys Present for Defendant |
| None | | None |

**Proceedings:** In Chambers: MINUTE ORDER RE TMF TRUSTEE LIMITED'S (1) REQUEST FOR LEAVE TO FILE A SUR-SUR-SURREPLY TO THE DECLARATIONS OF MR. BRUCCULERI AND MR. LOUKOPOULOS (Dkt. No. 502); AND (2) JOINT [SIC] REQUEST FOR DECISION ON O2 TRADING LIMITED'S CLAIM FOR *CUSTODIA LEGIS* EXPENSES (Dkt. No. 525)

On September 12, 2018, O2 Trading Limited ("O2") filed a verified claim for reimbursement of *custodia legis* expenses (Local Admiralty Rule E-14(d)). (Dkt. No. 346.) On November 13, 2018, Plaintiff TMF Trustee Limited ("TMF") filed objections. (Dkt. No. 424.) On November 21, 2018, Hurricane Navigation, Inc. ("Hurricane") and M/T Megacore Philomena filed a reply. (Dkt. No. 430.) Pursuant to court order, TMF filed a surreply on December 10, 2018. (Dkt. No. 452.) On December 14, 2018, O2 filed a response with additional declarations. (Dkt. No. 459.) TMF filed a declaration in response (Dkt. No. 481), to which Hurricane objected (Dkt. No. 483.)

The court set a hearing on April 30, 2019 by order dated April 22, 2019. (Dkt. No. 477.) In the April 22, 2019 order, the court found that O2 could request reimbursement for *custodia legis* expenses. (Order, Dkt. No. 477 at 1-4.) The court requested that the parties be prepared to address the documentation for the requested reimbursements for two of the three categories, namely, crew wages and insurance. (*Id.* at 4-6.) The court also requested oral argument on TMF's contention that it would be inequitable for O2 to receive reimbursement for *custodia legis* expenses under the circumstances of this case. (*Id.* at 6.)

The matter came on for hearing on April 30, 2019. The court ordered that O2 file the declaration of Frank C. Brucculeri in support of O2's reconciliation of CLE payments presented at the hearing and permitted O2 to file a third supplemental declaration of Mr. Loukopoulos. (Order dated April 30, 2019, Dkt. No. 485.) Both declarations were filed on April 30 and May 3, 2019. (Dkt. Nos. 486, 489.)

On May 15, 2019, TMF filed a request for leave of court to file a "sur-sur-surreply" to the declarations of Mr. Brucculeri and Mr. Loukopoulos filed on April 30 and May 3, 2019. (Dkt. No. 502.) TMF argues that it has not had an opportunity to address new exhibits, incorrect statements and new legal arguments in the declarations. Huricane filed objections to TMF's Request. (Dkt. No. 503.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-9010-AGR | Date | October 22, 2019 |
|---|---|---|---|
| Title | TMF Trustee Limited v. M/T Megacore Philomena, et al. | | |

On September 24, 2019, TMF and Intervenor Monjasa Ltd. filed a request for decision on O2's verified claim for *custodia legis* expenses. Although captioned as a joint request, O2 objected to the request on the ground that its motion is not submitted unless TMF withdraws its request for leave of court to file a sur-sur-surreply. (Dkt. No. 525.)

Mr. Brucculeri's declaration responds to the Order dated April 22, 2019 and provides a reconciliation of the amounts claimed for crew wages and insurance. (Dkt. No. 486.) TMF does not identify any specific inaccuracies or disputes with the reconciliation, which was discussed at the April 30, 2019 hearing.

Mr. Loukopoulos' declaration, however, addresses TMF's argument that it would be inequitable for O2 to receive reimbursement for *custodia legis* expenses because the record contains no accounting for the revenues received from the Vessel's last two voyages and this court has disbursed, from the Vessel's sales proceeds, money for expenses that were not paid by Hurricane, Oxygen or O2. Mr. Loukopoulos' declaration provides new argument and exhibits not previously in the record and, therefore, there is good cause to permit TMF to respond.

Accordingly, IT IS ORDERED that TMF's request for leave to file a sur-sur-surreply to the declarations of Mr. Brucculeri and Mr. Loukopoulos (Dkt. No. 502) is GRANTED IN PART as follows: On or before November 13, 2019, TMF may file a sur-sur-surreply limited to the issue of whether it would be inequitable for O2 to receive reimbursement for *custodia legis* expenses and the material in Mr. Loukopoulos' declaration (Dkt. No. 489).

IT IS FURTHER ORDERED that the request for decision (Dkt. No. 525) is denied. As O2's objection to the request points out, O2's verified claim for *custodia legis* expenses has not been submitted for decision within the meaning of Local Rule 83-9.1.1(a).

| | Initials of Preparer | kl |
|---|---|---|