Erich P. Wise/State Bar No. 63219
erichw@fdw-law.com
Alisa Manasantivongs/State Bar No. 260227
alisam@fdw-law.com
Peter F. Black/State Bar No. 317524
peterb@fdw-law.com
FLYNN, DELICH & WISE LLP
One World Trade Center, Suite 1800
Long Beach, CA 90831-1800
Telephone:  (562) 435-2626
Facsimile:   (562) 437-7555

Attorneys for Plaintiff and Counter-Defendant
TMF TRUSTEE LIMITED

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| TMF TRUSTEE LIMITED,<br><br>   Plaintiff,<br><br>   vs.<br><br>M/T MEGACORE PHILOMENA, her engines, boilers, tackles, and other appurtenances, etc., *in rem*; HURRICANE NAVIGATION INC. a Marshall Islands Corporation, *in personam*,<br><br>   Defendants.<br><br>AND RELATED ACTIONS. | CASE NO.: 2:17-cv-09010-AGR<br><br>IN ADMIRALTY<br><br>**DECLARATION OF STEPHANIE TOMBLING IN SUPPORT OF TMF TRUSTEE LIMITED'S REPLY TO DECLARATION OF FOTIOS FOURNARIS (DKT. 555) FILED IN SUPPORT OF O2 TRADING LIMITED'S REQUEST FOR CUSTODIAL EXPENSES**<br><br>Courtroom:  550<br>Judge:     Hon. Alicia G. Rosenberg |

Declaration of Stephanie Tombling in Support of TMF Trustee Limited's Reply to Declaration of Fotios Fournaris (Dkt. 555) Filed in Support of O2 Trading Limited's Request for Custodial Expenses

Case No. 2:17-cv-09010-AGR

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
ONE WORLD TRADE CENTER, SUITE 1800
LONG BEACH, CALIFORNIA 90831-1800
(562) 435-2626

I, Stephanie Tombling, hereby certify and declare as follows:

1. I am an accounting expert working in the London office of Secretariat International and hold the title of Director. I have reviewed several documents in relation to the Audit Report of Nexia Eurostatus Certified Auditors (hereafter referred to as the "Nexia report") submitted by O2 Trading Ltd. ("O2") including the Nexia Audit Report, the Stipulation to permit the filing of the January 2020 Nexia Audit Report (Dkt. 544), the Declaration of Fotios Fournaris in support of the Stipulation to Permit O2 Trading Ltd. to file the January 2020 Nexia Audit Report (Dkt. 545), and the First Amended Declaration of Fotios Fournaris in support of the Stipulation to Permit O2 Trading Ltd. to file the January 2020 Nexia Audit Report (Dkt. 546). I have also reviewed Mr. Fotios Fournaris' most recent Declaration (Dkt. 555) and submit this declaration in response thereto.

2. In response to Mr. Fournaris' Declaration ¶ 2, Mr. Fournaris appears to have misunderstood the scope of my report. I had been asked to review the document prepared by Nexia and comment from an accounting perspective on its reliability and completeness. I did not seek to re-perform the limited procedures described in the Nexia report, nor did I comment on every single piece of information or transaction referred to in the Nexia report.

3. In response to Mr. Fournaris' Declaration ¶¶ 3 & 4, it is not a contentious point that I did not prepare my report in the capacity of an auditor. I am not an auditor and do not purport to be so. As clearly stated on my CV, (Dkt. 551-1, Exh. 1) I specialize in forensic and investigative accounting and prepared the report in my capacity as an accounting advisor. For completeness, I note that I am a Fellow of the Association of Chartered Certified Accountants ('FCCA'). Equally, the Nexia report cannot be called an "audit report" purely on the basis of having been prepared by a firm of certified auditors. As outlined in detail in my report, the Nexia report does not meet the definition of an audit included in the International

Declaration of Stephanie Tombling in Support of TMF Trustee Limited's Reply to Declaration of Fotios Fournaris (Dkt. 555) Filed in Support of O2 Trading Limited's Request for Custodial Expenses

Case No. 2:17-cv-09010-AGR

Standards on Auditing, regardless of the professional qualifications held by the report preparers.

4. In response to Mr. Fournaris' Declaration, ¶ 5, Mr. Fournaris seems to imply that the reliability of the Nexia report is supported by the fact that Nexia are also the external auditors of O2. In my view, the fact that Nexia used evidence included in O2's financial statements that it had previously audited raises another significant issue with the reliability of the Nexia report. By relying on financial records that Nexia itself had previously audited, the firm acted as a reviewer of its own work. This further undermines Nexia's ability to present an independent view as it is unlikely that Nexia would have had any incentive to perform an in-depth verification of the underlying information as part of the work on the Nexia report. Finally, I note that both the audit report to O2's financial statements and the Nexia report appear to be signed off on behalf of Nexia by the same individual, Mr. Panagiotis Markezenis. I note that whilst the Nexia report does provide a list of documents provided for the purpose of its work, the actual list of procedures performed is rather brief and does not explain how (if at all) any of these documents were audited nor does it explain that Nexia previously audited O2's financial statement. I am also unclear as to what Mr. Fournaris understands by saying that "Oxygen and Hurricane were already known to the auditors". I note that Moore Stephens signed off on Hurricane's 2015 financial statements (Dkt. 481) and therefore I do not know in what capacity Nexia became familiar with Hurricane. The set of O2's audited financial statements for 2017 provided at Exhibit A has been heavily redacted, including large parts of the accompanying audit report. I note that the auditor's opinion was qualified. A qualified audit opinion is usually issued when the auditor has not been provided with sufficient information to give an unqualified opinion or where there was a material issue in the application of the relevant accounting standards (ISA 750, paragraph 7). Therefore, I consider the remainder

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
ONE WORLD TRADE CENTER, SUITE 1800
LONG BEACH, CALIFORNIA 90831-1800
(562) 435-2626

2

Declaration of Stephanie Tombling in Support of TMF Trustee Limited's Reply to Declaration of Fotios Fournaris (Dkt. 555) Filed in Support of O2 Trading Limited's Request for Custodial Expenses

Case No. 2:17-cv-09010-AGR

of the audit report on O2's 2017 financial statements to be highly relevant, especially when Nexia is relying on its own audit opinion of O2's accounts, books, records and transactions.

5. In response to Mr. Fournaris' Declaration ¶6, it is unclear to me how Mr. Fournaris is able to conclude that in preparing its report, Nexia reviewed the "related party" transactions in detail. Section 6 of Nexia's report merely discusses transactions between the parties and does not refer to related party transactions or transactions entered on arms-length terms. In addition, contrary to Mr. Fournaris' statement, the list of procedures performed by Nexia does not explicitly include a review of the Time Charter or the Commercial Management Agreement. I also note that any work done in relation to Nexia's audit of O2's financial statements does not form part of the Nexia report and for that reason should not be relied on in reaching conclusions presented in the Nexia report. I understand from the Nexia report that Nexia did not audit the accounting records of the relevant parties (except allegedly for a limited number of documents provided by O2). As such, Mr. Fournaris should not conflate the work performed as part of the external audit of O2's financial statements with the work performed to prepare the Nexia report.

6. In response to Mr. Fournaris' Declaration, ¶7, I acknowledge Mr. Fournaris' assertion that Nexia reviewed unredacted bank statements. However, as I have not been provided with the same information, I am not able to verify whether Nexia's review was complete and whether the conclusions reached in the Nexia report are accurate. Where possible, I have sought to reconcile the relevant transactions with the redacted documents provided to me and also identify any areas of uncertainty where the information provided was insufficient.

7. In response to Mr. Fournaris' Declaration, ¶¶8 and 9, again, Mr. Fournaris appears to misunderstand the purpose of my report, which was not intended to provide an alternative view of the receivable balance between O2 and

3

Declaration of Stephanie Tombling in Support of TMF Trustee Limited's Reply to Declaration of Fotios Fournaris (Dkt. 555) Filed in Support of O2 Trading Limited's Request for Custodial Expenses

Case No. 2:17-cv-09010-AGR

Hurricane. On that basis, I did not comment on every transaction mentioned in the Nexia report, but instead focused on areas which cast doubt on the reliability and usefulness of the Nexia report in the context of this dispute. I note that one of the issues identified is the incompleteness of information, which does not enable me to confirm that Nexia reviewed all relevant transactions and cash movements.

8.  In response to Mr. Fournaris' Declaration ¶10, it is not a contentious point that O2 received the freight payment from Vitol on 28 December 2017. As the last inward payment on Hurricane Earnings Account for 2017 is dated 29 September 2017, I was not able to confirm that this freight payment was paid into Hurricane's account as there are no inflows dated after 29 September 2017.

9.  In response to Mr. Fournaris' Declaration ¶¶11-13, as discussed above, the scope of my work did not include a review of every single transaction shown in the bank statements provided. However, Mr. Fournaris is incorrect to claim that my report disregards payments made by O2 to third parties. In fact, as stated in my report at paragraph 28, I explicitly identified a number of third party transactions to demonstrate the Nexia report's shortcomings in distinguishing between related and third party transactions. Once again, my report does not purport to re-calculate the receivable balance owing to O2 by Hurricane and does not contain any calculations. As such, I fail to see the point of Mr. Fournaris' argument at these paragraphs. Furthermore, Mr. Fournaris continues to treat the procedures performed as part of Nexia's statutory audit of O2's financial statements as if they were relevant in the context of the Nexia report, which is clearly not a statutory audit and for which I have seen no evidence.

10. In response to Mr. Fournaris' Declaration ¶¶ 14 and 15, whilst I agree that based on the limited information provided to me, I was able to see a pattern in Oxygen's bank account between inflows from O2 and outflows to third party vendors, my review covered a very short period of time due to unavailability of bank

Declaration of Stephanie Tombling in Support of TMF Trustee Limited's Reply to Declaration of Fotios Fournaris (Dkt. 555) Filed in Support of O2 Trading Limited's Request for Custodial Expenses

Case No. 2:17-cv-09010-AGR

statements covering a longer period. In any event I was unable to conclude with certainty that all relevant transactions were disclosed. Furthermore, I note that the procedures performed by Nexia listed in the Nexia report do not include a reconciliation of the bank account statements between O2 and Oxygen, which means that no analysis was performed to confirm the completeness and accuracy of the records of transactions between these two parties.

11. In response to Mr. Fournaris' Declaration, ¶ 16:

  a. Mr. Fournaris misunderstands the meaning of paragraph 31 of my report. I did not intend to suggest that the 2017 advances between Oxygen and O2 form part of the CLE claim. Instead, I simply intended to identify that these advances should have been included in Nexia's analysis of the intercompany balances as they are part of the relevant series of transactions amongst the three counterparties.

  b. I agree that the 29 December 2017 payment of $20,000 from O2 to Oxygen can be traced to Oxygen's bank receipt, as stated by Mr. Fournaris. My confusion relates to the fact that this receipt does not seem to appear on Oxygen's bank statement for the relevant period. Similarly, the 2 November 2017 payment of $212,000 from O2 to (purportedly) Oxygen cannot be traced back to Oxygen's bank statements because it relates to a period for which Oxygen's bank statements have not been provided. Mr. Fournaris does not address these discrepancies, nor my suggested explanation that Oxygen may use another bank account to conduct its business, for which statements have not been exhibited.

5

Declaration of Stephanie Tombling in Support of TMF Trustee Limited's Reply to Declaration of Fotios Fournaris (Dkt. 555) Filed in Support of O2 Trading Limited's Request for Custodial Expenses

Case No. 2:17-cv-09010-AGR

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
ONE WORLD TRADE CENTER, SUITE 1800
LONG BEACH, CALIFORNIA 90831-1800
(562) 435-2626

    c. I acknowledge Mr. Fournaris' explanation of inconsistencies in Nexia's calculations as set for in his Paragraph 16.c. It is unclear to me why the Nexia report does not seek to reconcile these differences and I do not know the basis of Mr. Fournaris' assertions.

    d. My confusion regarding the payment described in paragraph 46 of Dkt 551-1 simply stems from the fact that the payment is categorised differently across a number of documents in evidence. I cannot see on what basis Mr. Fournaris is able to conclude that the payment was in fact advance freight (as indicated in the Nexia report) rather than a settlement (as indicated in O2's bank statement at Dkt. 545, page 52, O2's ledger at Dkt. 546, page 68 and Philomena's ledger at Dkt. 546, page 78).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 10 day of March, 2020, in London, England.

*Tombling*

Stephanie Tombling

6

Declaration of Stephanie Tombling in Support of TMF Trustee Limited's Reply to Declaration of Fotios Fournaris (Dkt. 555) Filed in Support of O2 Trading Limited's Request for Custodial Expenses

Case No. 2:17-cv-09010-AGR